IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSE ALEJANDRO PEREZ,**<br><br>                                          Petitioner,<br><br>                    **v.**<br><br>**CLARK E. DUCART,**<br><br>                                          Respondent. | Case No. 1:14-cv-01322 MJS (HC)<br><br>**ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS** |

        Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, Clark E. Ducart, Warden of Pelican Bay State Prison, is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Respondent is represented by Sarah J. Jacobs of the office of the Attorney General. Both parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 8, 10.)

**I.      Procedural Background**

        Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Tuolumne,

1   following his plea on November 7, 2011, for two counts of possession for sale of a
2   controlled substance, and various enhancements. (Lodged Doc. 7, Clerk's Tr. at 28-29.)
3   On December 5, 2011, Petitioner was sentenced to a determinate term of eight years
4   and four months in state prison.  (Id.)

5       Petitioner filed a direct appeal with the California Court of Appeal, Fifth Appellate
6   District on September 7, 2012. (Lodged Doc. 9.) The court affirmed the judgment on
7   October April 17, 2013. (Lodged Doc. 11.) Petitioner sought review from the California
8   Supreme Court. (Lodged Docs. 12-13.) The California Supreme Court denied review on
9   August 21, 2013. (Id.)

10      Petitioner did not attempt to file collateral challenges to his conviction in state
11  court in the form of petitions for writ of habeas corpus.

12      On September 25, 2014 Petitioner filed the instant federal habeas petition. (Pet.,
13  ECF No. 1.) Petitioner presented three claims for relief in the petition: (1) that his due
14  process rights were violated by the modification of credit earning capacity without notice;
15  (2) that his guilty plea was not knowing or voluntarily made; and (3) that his counsel was
16  ineffective and failed to inform him of the consequences of his plea. (Id.)

17      Respondent filed an answer to the petition on November 5, 2014. (ECF No. 14.)
18  Petitioner filed a traverse on February 17, 2015. (ECF No. 20.) The matter stands ready
19  for adjudication.

20  **II.    State Court Decision**[1]

21      THE COURT

22          Pursuant to a plea agreement, on November 7, 2011, appellant,
23      Jose A. Perez, pled guilty to possession of methamphetamine for
        purposes of sale (Health & Saf. Code, § 11378; count I) and possession of
        oxycodone for purposes of sale (Health & Saf. Code, § 11351; count II),
24      and admitted allegations that he had suffered a "strike"[fn1] and that he
        had served a prison term for a prior felony conviction (Pen. Code, § 667.5,
25      subd. (b)). On December 5, 2011, the court imposed the stipulated
        sentence of eight years four months, consisting of three years on count II
26      and eight months on count I, each term doubled pursuant to the three

27  _____
    [1] The decision of the Fifth Court of Appeal is provided in its entirety. Further, the Fifth District Court
28  of Appeal's summary of the facts in its April 17, 2013 opinion is presumed correct.  28 U.S.C. § 2254(e)(1).

strikes law (Pen. Code, §§ 667, subd. (e)(1), 1170.12, subd. (c)(1)), for a total of seven years four months on the substantive offenses, plus one year on the prior prison term enhancement.

**FN1**: We use the term "strike" as a synonym for "prior felony conviction" within the meaning of the "three strikes" law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12), i.e., a prior felony conviction or juvenile adjudication that subjects a defendant to the increased punishment specified in the three strikes law.

On February 8, 2012, appellant filed a notice of appeal. By its order of July 6, 2012, this court deemed the notice of appeal timely filed. Insofar as the record reveals, appellant did not request, and the court did not issue, a certificate of probable cause (Pen. Code, § 1237.5).

Appellant's appointed appellate counsel has filed an opening brief which summarizes the pertinent facts, with citations to the record, raises no issues, and asks that this court independently review the record. (People v. Wende (1979) 25 Cal.3d 436.) Appellant, apparently in response to this court's invitation to submit supplemental briefing, has submitted a brief in which he argues that the court erred by not advising him of the direct consequences of his plea. We affirm.

FACTS

The report of the probation officer states that among the items found during a parole search of appellant's residence on August 10, 2011, were 15 individual packages of methamphetamine, weighing a total of 7.24 grams, 65 oxycodone pills, a digital scale, $954 in cash, and a cellular phone "containing conversations related to the sales of narcotics."

DISCUSSION

Appellant contends the court erred in failing to advise him, prior to taking his plea, that because he had suffered a strike, his ability to earn in-prison conduct credits would be limited to 20 percent of his total term of imprisonment (Pen. Code, §§ 667, subd. (c)(5), 1170.12, subd. (a)(5)). However, because this argument is, in effect, a challenge to the validity of appellant's plea, and appellant did not obtain a certificate of probable cause, he may not raise this on appeal. (People v. Mendez (1999) 19 Cal.4th 1084, 1098-1099; People v. Panizzon (1996) 13 Cal.4th 68, 74-75.)

Following independent review of the record, we have concluded that no reasonably arguable legal or factual issues exist.

DISPOSITION

The judgment is affirmed.

People v. Perez, 2013 Cal. App. Unpub. LEXIS 2731, 1-3 (Apr. 17, 2013).

**III.   Discussion**

   **A.      Jurisdiction**

1    Relief by way of a petition for writ of habeas corpus extends to a person in

2  custody pursuant to the judgment of a state court if the custody is in violation of the

3  Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. §

4  2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 fn.7 (2000).  Petitioner asserts that he

5  suffered violations of his rights as guaranteed by the U.S. Constitution.  (Pet.)   In

6  addition, the conviction challenged arises out of the Tuolumne County Superior Court,

7  which is located within the jurisdiction of this court. 28 U.S.C. § 2241(d); 2254(a).

8  Accordingly, this Court has jurisdiction over the instant action.

9    **B.    Legal Standard of Review**

10    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death

11  Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus

12  filed after its enactment.  Lindh v. Murphy, 521 U.S. 320, 326 (1997); Jeffries v. Wood,

13  114 F.3d 1484, 1499 (9th Cir. 1997).  The instant petition was filed after the enactment

14  of the AEDPA and is therefore governed by AEDPA provisions.

15    Under AEDPA, a person in custody under a judgment of a state court may only be

16  granted a writ of habeas corpus for violations of the Constitution or laws of the United

17  States.  28 U.S.C. § 2254(a); Williams, 529 U.S. at 375 n. 7.  Federal habeas corpus

18  relief is available for any claim decided on the merits in state court proceedings if the

19  state court's adjudication of the claim:

20    (1) resulted in a decision that was contrary to, or involved an
21    unreasonable application of, clearly established federal law, as
    determined by the Supreme Court of the United States; or

22    (2) resulted in a decision that was based on an unreasonable
23    determination of the facts in light of the evidence presented in the State
    court proceeding.

24  28 U.S.C. § 2254(d).

25    **1.    Contrary to or an Unreasonable Application of Federal Law**

26    A state court decision is "contrary to" federal law if it "applies a rule that

27  contradicts governing law set forth in [Supreme Court] cases" or "confronts a set of facts

28  that [are] materially indistinguishable from [a Supreme Court case] but reaches a

4

1    different result." Brown v. Payton, 544 U.S. 133, 141 (2005) (citing Williams, 529 U.S. at

2    405-06).    "AEDPA does not require state and federal courts to wait for some nearly

3    identical factual pattern before a legal rule must be applied . . . The statute recognizes . .

4    . that even a general standard may be applied in an unreasonable manner." Panetti v.

5    Quarterman, 551 U.S. 930, 953 (2007) (citations and quotation marks omitted).    The

6    "clearly established Federal law" requirement "does not demand more than a 'principle'

7    or 'general standard.'" Musladin v. Lamarque, 555 F.3d 830, 839 (2009).    For a state

8    decision to be an unreasonable application of clearly established federal law under §

9    2254(d)(1), the Supreme Court's prior decisions must provide a governing legal principle

10   (or principles) to the issue before the state court. Lockyer v. Andrade, 538 U.S. 63, 70-

11   71 (2003).    A state court decision will involve an "unreasonable application of" federal

12   law only if it is "objectively unreasonable." Id. at 75-76 (quoting Williams, 529 U.S. at

13   409-10); Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002).    In Harrington v. Richter, the

14   Court further stresses that "an *unreasonable* application of federal law is different from

15   an *incorrect* application of federal law." 131 S. Ct. 770, 785 (2011) (citing Williams, 529

16   U.S. at 410) (emphasis in original).    "A state court's determination that a claim lacks

17   merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the

18   correctness of the state court's decision." Id. at 786 (citing Yarborough v. Alvarado, 541

19   U.S. 653, 664 (2004)).    Further, "[t]he more general the rule, the more leeway courts

20   have in reading outcomes in case-by-case determinations." Id.; Renico v. Lett, 130 S.

21   Ct. 1855, 1864 (2010).    "It is not an unreasonable application of clearly established

22   Federal law for a state court to decline to apply a specific legal rule that has not been

23   squarely established by this Court." Knowles v. Mirzayance, 129 S. Ct. 1411, 1419

24   (2009) (quoted by Richter, 131 S. Ct. at 786).

25                    **2.    Review of State Decisions**

26        "Where there has been one reasoned state judgment rejecting a federal claim,

27   later unexplained orders upholding that judgment or rejecting the claim rest on the same

28   grounds." See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).    This is referred to as the

1  "look through" presumption.  Id. at 804; Plascencia v. Alameida, 467 F.3d 1190, 1198

2  (9th Cir. 2006).     Determining whether a state court's decision resulted from an

3  unreasonable legal or factual conclusion, "does not require that there be an opinion from

4  the state court explaining the state court's reasoning."  Richter, 131 S. Ct. at 784-85.

5  "Where a state court's decision is unaccompanied by an explanation, the habeas

6  petitioner's burden still must be met by showing there was no reasonable basis for the

7  state court to deny relief."  Id.  "This Court now holds and reconfirms that § 2254(d) does

8  not require a state court to give reasons before its decision can be deemed to have been

9  'adjudicated on the merits.'"  Id.

10      Richter instructs that whether the state court decision is reasoned and explained,

11  or merely a summary denial, the approach to evaluating unreasonableness under §

12  2254(d) is the same: "Under § 2254(d), a habeas court must determine what arguments

13  or theories supported or, as here, could have supported, the state court's decision; then

14  it must ask whether it is possible fairminded jurists could disagree that those arguments

15  or theories are inconsistent with the holding in a prior decision of this Court."  Id. at 786.

16  Thus, "even a strong case for relief does not mean the state court's contrary conclusion

17  was unreasonable."  Id. (citing Lockyer v. Andrade, 538 U.S. at 75).  AEDPA "preserves

18  authority to issue the writ in cases where there is *no possibility* fairminded jurists could

19  disagree that the state court's decision conflicts with this Court's precedents."  Id.

20  (emphasis added).  To put it yet another way:

21          As a condition for obtaining habeas corpus relief from a federal
            court, a state prisoner must show that the state court's ruling on the claim
22          being presented in federal court was so lacking in justification that there
            was an error well understood and comprehended in existing law beyond
23          any possibility for fairminded disagreement.

24  Id. at 786-87.  The Court then explains the rationale for this rule, i.e., "that state courts

25  are the principal forum for asserting constitutional challenges to state convictions."  Id. at

26  787.   It follows from this consideration that § 2254(d) "complements the exhaustion

27  requirement and the doctrine of procedural bar to ensure that state proceedings are the

28  central process, not just a preliminary step for later federal habeas proceedings."  Id.

1    (citing Wainwright v. Sykes, 433 U.S. 72, 90 (1977)).

2              **3.      Prejudicial Impact of Constitutional Error**

3              The prejudicial impact of any constitutional error is assessed by asking whether

4    the error had "a substantial and injurious effect or influence in determining the jury's

5    verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993); see also Fry v. Pliler, 551

6    U.S. 112, 121-22 (2007) (holding that the Brecht standard applies whether or not the

7    state court recognized the error and reviewed it for harmlessness).  Some constitutional

8    errors, however, do not require that the petitioner demonstrate prejudice.  See Arizona v.

9    Fulminante, 499 U.S. 279, 310 (1991); United States v. Cronic, 466 U.S. 648, 659

10   (1984).

11   **IV.    Review of Petition**

12             **A.      Claim One – Modification of Credit Earning Capacity**

13             Petitioner contends that his due process rights were violated by the modification

14   of his credit earning capacity. (Pet., ECF No. 1 at 16-17.) Petitioner contends that he

15   was told that he would be provided credit so that he had to only serve 80% of his

16   sentence, but was later told that he would have to serve 100% of his sentence and was

17   not provided notice or the right to challenge the modification. (Id.)

18              **1.      Failure to Present Claim in State Court**

19             Petitioner did not present this claim to the state courts for adjudication.

20   Accordingly, Respondent argues that the claim is unexhausted. Alternatively,

21   Respondent also contends that the claim is procedurally defaulted, not ripe, and not

22   cognizable. Even though the claim is not exhausted, a federal court may review and

23   deny a petition on the merits, notwithstanding the failure of the applicant to exhaust state

24   court remedies. See 28 U.S.C. § 2254(b)(2). Additionally, in an exercise of judicial

25   efficiency, the Court will not determine whether the claim is procedurally defaulted or

26   ripe, and instead will proceed to adjudicate the claim on the merits.

27             Even though the claim was not presented to the state court, this court may still

28   determine the merits of the claim under the framework set forth under AEDPA.

1    Determining whether a state court's decision resulted from an unreasonable legal or

2    factual conclusion, "does not require that there be an opinion from the state court

3    explaining the state court's reasoning." <u>Richter</u>, 131 S. Ct. at 784-85. "Where a state

4    court's decision is unaccompanied by an explanation, the habeas petitioner's burden still

5    must be met by showing there was no reasonable basis for the state court to deny

6    relief." <u>Id.</u> "Under § 2254(d), a habeas court must determine *what arguments or theories*

7    *supported or, as here, could have supported*, the state court's decision; then it must ask

8    whether it is possible fairminded jurists could disagree that those arguments or theories

9    are inconsistent with the holding in a prior decision of this Court." Id. at 786.

10                    **2.    Analysis**

11            Petitioner does not specifically identify a federal question. He asserts that he was

12   told at the time of his plea that he would be eligible to earn 20% time credit against his

13   sentence, but was later told that he was not eligible for the credit. In presenting his claim

14   he fails to provide any support to controlling legal authority as to why the claims were in

15   violation of federal law.

16           A claim of state sentencing error does not raise a federal constitutional question.

17   <u>Lewis v. Jeffers</u>, 497 U.S. 764, 783, 110 S. Ct. 3092, 111 L. Ed. 2d 606 (1990). The

18   Ninth Circuit has refused to consider state law errors in the application of state

19   sentencing law. <u>Souch v. Schaivo</u>, 289 F.3d 616, 623 (9th Cir. 2002); <u>Christian v. Rhode</u>,

20   41 F.3d 461, 469 (9th Cir. 1994); <u>Hendricks v. Zenon</u>, 993 F.2d 664, 674 (9th Cir. 1993);

21   <u>Miller v. Vasquez</u>, 868 F.2d 1116 (9th Cir. 1989) (refusing to examine state's

22   determination that a prior was a serious felony); <u>Johnson v. Arizona</u>, 462 F.2d 1352,

23   1353-54 (9th Cir. 1972) (rules of sentencing adopted by state court do not raise

24   constitutional issues which may be reached by habeas corpus). Therefore, to the extent

25   that Petitioner claims that there was a violation of California law relating to sentencing,

26   he does not state a cognizable federal question. <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68,

27   112 S. Ct. 475, 116 L. Ed. 2d 385 (1991).

28           Petitioner claims that he was not provided notice of the credit calculations, which

1   the Court will liberally interpret as claim that his federal Due Process rights were

2   violated. "As for the Due Process Clause, standard analysis under that provision

3   proceeds in two steps: We first ask whether there exists a liberty or property interest of

4   which a person has been deprived, and if so we ask whether the procedures followed by

5   the State were constitutionally sufficient. <u>Swarthout v. Cooke</u>, 562 U.S. 216, 131 S. Ct.

6   859, 861, 178 L. Ed. 2d 732 (2011); <u>Kentucky Dep't of Corrections v. Thompson</u>, 490

7   U.S. 454, 460, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989).

8        California has not created a protected liberty interest in earning credits for work.

9   <u>See</u> California Penal Code § 2933(c) ("Credit is a privilege, not a right"); <u>Kalka v.</u>

10  <u>Vasquez</u>, 867 F.2d 546, 547 (9th Cir. 1989) ("section 2933 does not create a

11  constitutionally protected liberty interest"). Because Petitioner has no constitutionally

12  protected liberty interest in earning work time credit, an allegation that he is being

13  deprived of the opportunity to earn such credit cannot form a basis for habeas corpus

14  relief.

15       In order to state a due process claim, Petitioner must show that a constitutionally

16  protected liberty interest is implicated. <u>Baumann v. Arizona Dept. of Corrections</u>, 754

17  F.2d 841, 844 (9th Cir. 1985). A state may create a constitutionally protected liberty

18  interest if it establishes regulatory measures that impose substantive limitations on the

19  exercise of official discretion. <u>Hewitt v. Helms</u>, 459 U.S. 460, 470-72, 103 S. Ct. 864, 74

20  L. Ed. 2d 675 (1983), overruled in part by <u>Sandin v. Conner</u>, 515 U.S. 472, 484, 115 S.

21  Ct. 2293, 132 L. Ed. 2d 418 (1995).

22       However, a state prisoner does not have a liberty interest in a classification status

23  under the Fourteenth Amendment. <u>Hernandez v. Johnston</u>, 833 F.2d 1316, 1318 (9th

24  Cir. 1987); <u>see</u> <u>Moody v. Daggett</u>, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 50 L. Ed. 2d 236

25  (1976) (Due Process Clause not implicated by federal prisoner classification and

26  eligibility for rehabilitative programs, even where inmate suffers "grievous loss").

27       Petitioner simply has no constitutional right to a particular classification or to earn

28  credits. Because Petitioner has not shown a violation of the Federal Constitution,

1    Petitioner is not entitled to habeas corpus relief. See 28 U.S.C. § 2254 (habeas corpus

2    available for violations of the Constitution or federal law.) Therefore the arguments or

3    theories that could have supported the state court's denial of Petitioner's due process

4    claim were neither contrary to, nor an unreasonable application of, clearly established

5    law. See 28 U.S.C. § 2254(d); Williams, 529 U.S. at 412-13.

6         **B.    Claim Two – Challenge to Validity of Plea**

7         Petitioner contends that his plea was not valid. Specifically he contends that it

8    was not knowingly made as he was advised that he would receive a 20% credit to his

9    sentence when he was later told that he would not. (Id.)

10             **1.    Failure to Present Claim in State Court**

11        Petitioner did not present this claim to the state courts for adjudication.

12   Accordingly, Respondent argues that the claim is unexhausted. Alternatively,

13   Respondent also contends that the claim is procedurally defaulted, not ripe, and not

14   cognizable. As with claim one, in an exercise of judicial efficiency, the Court will not

15   determine whether the claim is procedurally defaulted or ripe, and will proceed to

16   adjudicate the claim on the merits.

17             **2.    Analysis**

18        It is a settled principle of federal constitutional law that a guilty plea violates due

19   process and is therefore invalid if not entered voluntarily and intelligently. Brady v. United

20   States, 397 U.S. 742, 747, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970). A plea of guilty is

21   considered voluntary and intelligent if the defendant enters the plea with full awareness

22   of its "direct consequences." Id. at 755. A plea may be not knowing and voluntary if it is,

23   for instance, the product of "ignorance, incomprehension, coercion, terror, inducements,

24   or subtle or blatant threats[.]" Custis v. United States, 511 U.S. 485, 508, 114 S. Ct.

25   1732, 128 L. Ed. 2d 517 (1994) (internal quotation marks, citation and brackets omitted).

26   However, "a plea's validity may not be collaterally attacked merely because the

27   defendant made what turned out, in retrospect, to be a poor deal." Bradshaw v. Stumpf,

28   545 U.S. 175, 186, 125 S. Ct. 2398, 162 L. Ed. 2d 143 (2005).

A review of the record provides evidence plea was both knowing and voluntary.[2] Apart from his statement that his plea was involuntarily made in exchange for his eligibility for a certain rate of time credit, Petitioner provides no facts indicating that his plea was the result of any threats, improper promises, or any type of coercion. (See Pet., Rep. Tr. at 13-20.) All of the statements made by Petitioner during the plea hearing indicated that the Petitioner was aware of and understood the terms of the plea.

During the change of plea hearing, Petitioner was advised of his constitutional rights. (Rep. Tr. at 13-20.) The trial judge inquired to ensure that he understood the term of custody he faced by entering into the plea. (Id. at 14-15.) Petitioner acknowledged his signature and initials on an Advisement and Waiver of Rights form. (Id. at 15.) On the form, Petitioner signed the statement, ". . . my attorney has explained to me my rights, defenses, and the possible consequences of my plea . . .." (Clerk's Tr. at 19.) Petitioner also initialed the statement, "I understand that I am admitting a prior strike conviction and that prison work-time credit that I may accrue will not exceed 20% of the total term of imprisonment." (Lod. Doc. 1 at 11-12.) In light of the evidence presented, Petitioner was advised that he may earn, but was not guaranteed to earn, work-time credit for up to 20% of his sentence. Under these circumstances, a fairminded jurist could find the plea was voluntary and Petitioner's claim lacks merit.

Moreover, Petitioner has not shown that he was deprived the benefit of the plea bargain. He provided his plea in exchange for a sentence of eight years and nine months with the right to earn 20% prison credit. The documents provided in the record indicate that he was provided the sentence entered into in the plea. Petitioner's sentence calculation paperwork indicates that he was eligible for the 20% credit, and that his minimum release date was determined by applying the credited days. (Clerk's Tr. at 27.) Based on the application of credits, Petitioner would be eligible for release on January 6,

---

[2] Petitioner does not contend that his plea was involuntary due to mental impairment. In any event, his change of plea form indicated that he entered into the plea freely and voluntarily, and he presents no evidence or argument that there was any mental impairment that would have prevented him from understanding the nature of the plea. (See Pet., Rep. Tr. at 13-20.)

2018, a date earlier than the March 15, 2018 that he thought he was eligible for release. (Id.) In his traverse, Petitioner provides a copy of a sentence calculation worksheet. (Traverse, ECF No. 20 at 8-9.) The form indicates that Petitioner's maximum parole date as October 6, 2019. (Id.) However, the form, filled out on July 8, 2013, only took into account vested credit already earned. The form also indicated that inmates with a second strike, like Petitioner, are eligible to earn 20% credit. (Id.) Petitioner has not shown that his sentence is longer than that provided in the plea agreement. Accordingly, his argument that his plea was not knowing or voluntary or that the term of his sentence is different than what was bargained for fails.

Under these circumstances, the argument or theories that could have supported the state court's decision neither contravened nor unreasonably applied federal law, and federal habeas relief is not warranted on this ground.

### C.  Claim Three – Ineffective Assistance of Counsel

Petitioner, in his last claim, contends that his trial and appellate counsel were ineffective. He asserts that trial counsel failed to advise him of "SBXXX18" and Cal. Penal Code §§ 2933 and 2933.5. He also claims that appellate counsel was ineffective for failing to raise his due process violation regarding not being advised to the consequences of his plea. (Pet. at 8.)

### 1.  Failure to Present Claim in State Court

Petitioner did not present this claim to the state courts for adjudication. Even though the claim is not exhausted, a federal court may review and deny a petition on the merits, notwithstanding the failure of the applicant to exhaust state court remedies. See 28 U.S.C. § 2254(b)(2). Despite the failure to exhaust the claim, in an exercise of judicial efficiency, the Court will proceed to adjudicate the claim on the merits.

### 2.  Law Applicable to Ineffective Assistance of Counsel

The law governing ineffective assistance of counsel claims is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). Canales v. Roe, 151 F.3d 1226, 1229 (9th Cir. 1998). In a petition for writ of habeas

corpus alleging ineffective assistance of counsel, the Court must consider two factors. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994). First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. Id. at 688; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995). Judicial scrutiny of counsel's performance is highly deferential. A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 687; see also, Harrington v. Richter, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011).

Second, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different," Strickland, 466 U.S. at 694. Petitioner must show that counsel's errors were so egregious as to deprive defendant of a fair trial, one whose result is reliable. Id. at 687. The Court must evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's ineffectiveness. Id.; Quintero-Barraza, 78 F.3d at 1348; United States v. Palomba, 31 F.3d 1456, 1461 (9th Cir. 1994).

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. Strickland, 466 U.S. at 697. Since the defendant must affirmatively prove prejudice, any deficiency that does not result in prejudice must necessarily fail. However, there are certain instances which are legally presumed to result in prejudice, e.g., where there has been an actual or constructive denial of the assistance of counsel or where the State has interfered with counsel's assistance. Id. at 692; United States v. Cronic, 466 U.S., at 659, and n.25 (1984).

As the Supreme Court reaffirmed recently in <u>Harrington v. Richter</u>, meeting the standard for ineffective assistance of counsel in federal habeas is extremely difficult:

> The pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a Strickland claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), "an unreasonable application of federal law is different from an incorrect application of federal law." Williams, supra, at 410, 120 S. Ct. 1495, 146 L. Ed. 2d 389. A state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself.
>
> A state court's determination that a claim lacks merit precludes federal habeas relief so long as "fairminded jurists could disagree" on the correctness of the state court's decision. Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S. Ct. 2140, 158 L. Ed. 2d 938 (2004). And as this Court has explained, "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." Ibid. "[I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." Knowles v. Mirzayance, 556 U.S. 111, 129 S. Ct. 1411, 1419, 173 L. Ed. 2d 251, 261 (2009) (internal quotation marks omitted).

<u>Harrington v. Richter</u>, 131 S. Ct. at 785-86.

"It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." <u>Id.</u> at 786. "As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." <u>Id.</u> "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." <u>Id.</u> at 786-87.

Accordingly, even if Petitioner presents a strong case of ineffective assistance of counsel, this Court may only grant relief if no fairminded jurist could agree on the correctness of the state court decision.

///

1

### 3.    Analysis

2        Petitioner asserts that trial counsel was ineffective for failing to advise Petitioner

3  regarding Cal. Penal Code §§ 2933 and 2933.5 which govern the application of work

4  time credits. However, Petitioner's claim is conclusory, and provides no further detail as

5  to how counsel failed to advise him properly. Petitioner was advised and initialed the

6  advisement form that stated that his prior strike conviction, he was limited to at most

7  20% work-time credit. (Lodged Doc. 1 at 12.) Accordingly, Petitioner was advised as to

8  his limited credit earning capacity, and has provided no other basis as to why counsel

9  was ineffective. Further, Petitioner has not shown that he was prejudiced by trial

10  counsel's conduct. Petitioner does not contend that he would not have taken the plea

11  deal if further informed regarding his credit earning status. Nor has Petitioner presented

12  any argument that his credit earning status was incorrect. Petitioner has not shown that

13  trial counsel fell below an objective standard of reasonableness in advising him with

14  regard to the plea deal, or that he was otherwise prejudiced by Petitioner's conduct.

15  Petitioner's ineffective assistance of counsel claim as to the conduct of trial counsel fails.

16        Petitioner also asserts that appellate counsel was ineffective for not raising issues

17  with regard to Petitioner's plea in his appeal. Appellate counsel appealed Petitioner's

18  conviction by filing a brief pursuant to People v. Wende, 25 Cal. 3d 436 (1979). Under

19  Wende, appointed appellate counsel files an appellate brief reciting a summary of the

20  proceedings and the facts of the case and requesting the appellate court to

21  independently review the record because counsel has found no arguable legal issues to

22  raise.

23        The Supreme Court has held that a habeas petitioner cannot state a claim for

24  ineffective assistance of appellate counsel merely because his attorney filed a brief

25  pursuant to Wende. See Smith v. Robbins, 528 U.S. 259, 284, 120 S. Ct. 746, 145 L.

26  Ed. 2d 756 (2000) ("It is enough to say that the Wende procedure . . . affords adequate

27  and effective appellate review for criminal indigents. Thus, there was no constitutional

28  violation in this case simply because the Wende procedure was used."). In cases with

1  fully briefed appeals and in cases with <u>Wende</u> briefs, claims of ineffective assistance of

2  appellate counsel are reviewed according to the standard set out in <u>Strickland</u>. <u>Id</u>. at

3  285. In the <u>Wende</u> brief context, the petitioner must first show that counsel was

4  objectively unreasonable in failing to find arguable issues of appeal, i.e., unreasonably

5  failed to discover nonfrivolous issues and failed to file a merits brief raising them. <u>Id</u>.

6  Second, the petitioner must demonstrate prejudice, i.e., a reasonable probability that,

7  but for counsel's unreasonable failure to file a merits brief, the petitioner would have

8  prevailed on appeal. <u>See</u> <u>id</u>.

9      Petitioner fails to satisfy either prong. Simply put, there were no meritorious

10  issues that appellate counsel failed to raise. <u>See</u> <u>Jones v. Barnes</u>, 463 U.S. 745, 751-

11  52, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983) (appellate counsel does not have an

12  obligation to raise every nonfrivolous argument); <u>Miller v. Keeney</u>, 882 F.2d 1428, 1434-

13  35 (9th Cir.1989) (appellate counsel's failure to raise a weak issue did not constitute

14  ineffective counsel). The state courts affirmed Petitioner's conviction and found no

15  meritorious issues. <u>See</u> <u>People v. Perez</u>, 2013 Cal. App. Unpub. LEXIS 2731, 1-3 (Apr.

16  17, 2013). As described above, Petitioner claim that his plea was not knowing or

17  voluntary lacked merit. Therefore, appellate counsel could not have been ineffective for

18  failing to seek a certificate of probable cause for meritless claims. Petitioner is not

19  entitled to relief on this claim either.

20  **V.    Conclusion**

21      Petitioner is not entitled to relief with regard to the claims presented in the instant

22  petition. The Court therefore orders that the petition be DENIED.

23  **VI.    Certificate of Appealability**

24      A state prisoner seeking a writ of habeas corpus has no absolute entitlement to

25  appeal a district court's denial of his petition, and an appeal is only allowed in certain

26  circumstances. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003). The controlling statute

27  in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which

28  provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

> (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that no reasonable jurist would find the Court's determination that Petitioner is not entitled to federal habeas corpus relief wrong or debatable, nor would a reasonable jurist find Petitioner deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VII.    Order**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DENIED;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:    December 28, 2016        /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE